

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JRS/MRG/GN
F. #2018R01858

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 12, 2024

By ECF

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Tyshawn Corbett
                Criminal Docket No. 20-213 (KAM)

Dear Judge Matsumoto:

      The government respectfully submits this letter in advance of sentencing in the above-captioned case, which is currently scheduled for January 22, 2024 at 11:00 a.m. The government's arguments are primarily laid out in its July 24, 2023 sentencing letter and are, for the most part, not repeated here. See ECF Dkt. No. 361 ("July 24 Sent'g Mem.").

      In the defendant's original sentencing memorandum, he argued that his conduct is mitigated by the conditions of East New York. See ECF Dkt. Nos. 358, 359. But as the government explained in its July 24 sentencing submission, the "conditions of East New York do not mitigate the defendant's conduct; they show exactly why a serious sentence is necessary to protect the community from those, like the defendant, who have done its residents so much harm." July 24 Sent'g Mem. 7.

      The defendant's more recent submission repeats some of his prior arguments but also argues that his conduct is mitigated by the conditions at the MDC. Any discussion of the MDC, however, if anything, demonstrates the defendant warrants a more serious punishment.

      Among the many problems facing the MDC is the flood of contraband in the jail. See United States v. Chavez, No. 22-CR-303 (JMF), 2024 WL 50233, at *1 (S.D.N.Y. Jan. 4, 2024) ("Contraband — from drugs to cell phones — is widespread."). As investigations into corruption at the MDC have shown, the defendant is among the sources of contraband at the MDC. Specifically, the defendant's role in smuggling and selling contraband is discussed in the complaint in United States v. Joseph, No. 23-CR-306 (DLI), ECF Dkt. No. 1 ¶¶ 14-15, where the

defendant is referred to as "Inmate-3." As described in that complaint, the defendant repeatedly bribed a corrupt guard to smuggle in contraband —including phones and drugs — which the defendant sold both retail and wholesale within the MDC. The defendant's role in smuggling is corroborated by texts between the defendant and the corrupt guard discussing contraband smuggling and efforts to conceal and destroy evidence.[1] The defendant in Joseph pleaded guilty on January 11, 2024.

The government does not minimize the difficult situation many inmates have faced in the MDC over the last several years. But the government respectfully submits that a defendant who has made thousands of dollars corrupting MDC staff and providing inmates with drugs and other contraband within the MDC — including contraband phones he and others have used to retaliate against witnesses in this case, see July 24 Sent'g Mem. 3-4 — ought not to have his sentence reduced because of conditions that he has helped create.

The government therefore respectfully requests that the Court impose an appropriate sentence to reflect the defendant's extraordinarily serious conduct, his apparent total lack of genuine remorse for the lives he has destroyed and his ongoing criminal conduct.[2]

        Respectfully submitted,

        BREON PEACE
        United States Attorney

By:   /s/
     Jonathan Siegel
     Matthew R. Galeotti
     Genny Ngai
     Assistant U.S. Attorneys
     718-254-6293

cc:   Clerk of the Court (KAM) (by ECF)
      Walter Mack, Esq. (by ECF)
      Roberta Houlton, United States Probation Officer (by e-mail)

---

[1] The defendant's use of phone used to communicate with the corrupt guard is shown by the hundreds of contacts between that number and members of the defendant's family, as described in footnote 6 of the Joseph complaint.

[2] The Court previously had requested briefing on whether violations of 18 U.S.C. § 924(c) are crimes of violence for purposes of the Mandatory Victims Restitution Act but adjourned the briefing schedule on that issue after the defendant argued that his convictions were invalid. The government respectfully submits that the Court need not resolve that issue. Although the government and probation have attempted to contact John Doe #1 and have spoken to the family of Michael Tenorio, including regarding their potential right to restitution, no victims have submitted an affidavit of loss or otherwise requested restitution.